UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

RON L. LACKS, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
HENRIETTA LACKS,

        PLAINTIFF,

VS.

THERMO FISHER SCIENTIFIC INC.,

        DEFENDANT.

Case No. 1:21-cv-02524-DLB

## PLAINTIFF'S UNOPPOSED MOTION TO STRIKE FILINGS BY KENNAN COFIELD AND IMPOSE FILING RESTRICTIONS, OR IN THE ALTERNATIVE OPPOSITION TO HIS MOTION FOR INTERVENTION

Plaintiff respectfully moves this Court to strike from the record Keenan Cofield's *pro se* motion for intervention and other filings [ECF Nos. 43, 44, 50, 53, and 55] and enter an injunction enjoining Mr. Cofield from making further filings in this case unless filed through counsel. After conferring with defendant Thermo Fisher Scientific ("TFS"), TFS indicated that it does not oppose Plaintiff's requested relief and has authorized Plaintiff to represent the same in this filing. Plaintiff has not contacted Mr. Cofield to inquire whether he opposes this motion. In the alternative, Plaintiff respectfully requests Mr. Cofield's motion for intervention be denied.

Mr. Cofield raises completely frivolous arguments and fails to address the requirements of Federal Rule of Civil Procedure 24. Intervention is only proper if the intervenor has an interest in the litigation. *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989). Mr. Cofield does not. Ron L. Lacks is the judicially appointed representative of the Estate of Henrietta Lacks. ECF 18-1 at pg. 99; *see* Md. Code, Est. & Trusts § 6-101, et. seq. (outlining statutory process for appointment

1

as personal representative). Nonetheless, Mr. Cofield purports that he, not the legally appointed personal representative, is the proper party of interest in this litigation. Mr. Cofield erroneously suggests that Mrs. Lacks is not a legally recognized person, that the courts are not available to her or her Estate, and that he holds proprietary interests in her name and her likeness. Mr. Cofield's filings are frivolous, incendiary, and without basis in law or fact. Mr. Cofield has no interest in this litigation, and his filings simply continue the exploitation of Mrs. Lacks for pecuniary gain.

Some context is likely to be helpful in understanding Mr. Cofield's recent filings. ECF Nos. 43, 44, 50, 53, and 55. Federal courts have described Mr. Cofield as "a con-artist who [seeks] to use the legal system to extort settlements from unsuspecting parties." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991) (quoting and affirming a district court finding of fact on this point); *United States v. Cofield*, 960 F.2d 150 (6th Cir. 1992) (affirming Mr. Cofield's conviction for wire fraud for a scam lawsuit and observing that "[Mr.] Cofield admitted to having filed 150-200 similar lawsuits, 95% of which were scams for profit."). The Eleventh Circuit supported its conclusion with a detailed discussion of Mr. Cofield's misconduct:

> In one deposition, Cofield proudly boasted that he was the "most litigious inmate in the system." In a letter in the file, he suggested that he was bored in prison and that he brought suits in order to make the newspapers every time he could. There is evidence in the record that he sued Coca–Cola because he allegedly drank a bottle of Coke filled with ground glass. He alleged he purchased the Coke on October 28, 1987 in Birmingham, even though it is undisputed that he was in prison in Bessemer on that day, that the prison canteen serves only Pepsi products, and that the prison allows inmates to drink only out of aluminum cans. There is evidence in the record that he tried to extort money from the Four Seasons restaurant in New York for food poisoning suffered while he was in New York when he was, in fact, in prison on that day as well. There also is evidence that similar extortion scams were attempted, and occasionally succeeded, against various restaurants which allegedly served contaminated food to Cofield. Finally, on several occasions (we can find at least three references in the record), Cofield sued various newspapers for libel and defamation because they erroneously published his obituary, thus causing trauma and psychological damage to his wife and daughter. The state claims that Cofield actually has no wife or daughter. There also is some evidence in the record suggesting that

Cofield placed the erroneous obituaries himself in order to provide an opportunity for a later lawsuit.

*Cofield v. Alabama Pub. Serv. Comm'n.*, 936 F.2d at 516-517. Mr. Cofield's abusive conduct has continued for decades. *Cofield v. United States*, No. CIV.A. 14-2637 RMB, 2014 WL 1745018, at *1 (D.N.J. Apr. 30, 2014) (observing, almost two decades after Mr. Cofield's wire fraud conviction, that he had filed hundreds of frivolous lawsuits in federal courts across the country). Mr. Cofield has not limited this misconduct to federal courts—he has filed similar suits in state courts. *See, e.g.*, *Cofield v. Advertiser Co.*, 486 So. 2d 434, 435 (Ala. 1986) (affirming the dismissal of a defamation action as frivolous that appears to have been materially identical to the suit that lead to Cofield's wire fraud conviction); **Exhibit A**, Joan Jacobson, *'Gadfly' in McNugget suit has legal wings clipped*, Baltimore Sun (Mar. 10 1998) (describing a 1997 suit in which Mr. Cofield sued McDonalds, a popular fast food chain, for a billion dollars for refusing to give him extra sauce).

Mr. Cofield's conduct has serious consequences. The judicial system is harmed because scarce judicial resources—which could be used to resolve claims from people who have suffered genuine harms—are wasted dealing with Mr. Cofield's frivolous filings. As the Baltimore Sun reported, the victims of the scam lawsuit that led to Cofield's 1991 wire fraud conviction incurred more than twenty thousand dollars in expenses as a result of Cofield's behavior. *Id.* His frivolous suit against McDonalds—where the court concluded that Mr. Cofield filed the litigation in bad faith and dismissed it with prejudice—cost the company sixty-two thousand dollars. *Id.*

For this reason, courts have routinely stricken Mr. Cofield's filings and implemented filing restrictions. For example, after Mr. Cofield's frivolous lawsuit against McDonald's, the court imposed filing restrictions prohibiting Mr. Cofield from filing future cases in Baltimore County. *See* **Exhibit A**. The Eleventh Circuit also affirmed a prefiling restriction requiring screening of

all complaints by Mr. Cofield as imposed by the Northern District of Alabama. *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d at 518. Likewise, the District of New Jersey appears to have also imposed filing restrictions on Mr. Cofield. *Cofield v. United States*, 2014 WL 1745018, at *1).

Plaintiff believes similar actions are warranted and necessary here. The Court has the power to strike pleadings as part of its inherent powers to control its docket and prevent the judicial system from being used in bad faith. *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 627 (D. Md. 2013), *aff'd*, 615 F. App'x 119 (4th Cir. 2015); *see also In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) ("A federal court also possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct."). It is appropriate to use inherent powers to "police litigant misconduct[.]" *Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10-CV-01265, 2011 WL 1584764, at *3 (S.D.W. Va. Apr. 26, 2011). Mr. Cofield's totally groundless filing, when viewed in light of his decades-long practice of using the judicial system as a weapon for extortion and harassment, is precisely the kind of misconduct inherent powers exist to address.

Moreover, "[f]ederal courts have the authority to issue prefiling injunctions against vexatious litigants." *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008). Such injunctions are appropriate for "a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions[.]" *Id.* The Fourth Circuit has outlined the relevant factors that should be weighed before filing such an injunction as follows:

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Each of these factors weigh strongly in favor of imposing filing restrictions. The first factor weighs strongly in favor of filing restrictions because Mr. Cofield has filed hundreds of frivolous lawsuits in courts across the country and has been criminally convicted for extortion schemes related to the same. The second factor, whether the party has a good faith basis for filing, also weighs strongly in favor of dismissal. This suit is part and parcel with Mr. Cofield's prior conduct, in which, as aptly summarized by the Eleventh Circuit, "[Mr.] Cofield filed his meritless complaints out of spite and vanity[.]" *Miller v. Donald*, 541 F.3d 1091, 1097 (11th Cir. 2008). Indeed, it is immediately apparent from Mr. Cofield's filings that he has no good faith basis for this filing. The only interest Mr. Cofield cites in support of his intervention in this action is his assertion that he has purportedly trademarked Mrs. Lacks's name—an obviously false and ridiculous basis for seeking intervention. The fourth factor also weighs in favor of filing restrictions because Mr. Cofield has been repeatedly punished—including incarceration—for his abuse of the judicial system. This has not stopped him from continuing to make frivolous filings. Courts have granted filing restrictions—and the Fourth Circuit has affirmed such restrictions—in the face of far less disturbing conduct. *See Pizzuto v. Smith*, No. 5:12CV149, 2013 WL 3324086, at *12 (N.D.W. Va. July 1, 2013), *aff'd*, 584 F. App'x 181 (4th Cir. 2014) (filing restrictions were appropriate after only four previous frivolous lawsuits).

In light of the importance of the right of access to the courts, the Fourth Circuit has held that filing restrictions, even when justified by the record, must be narrowly tailored and that the Court must give a litigant notice and an opportunity to be heard before imposing such restrictions. *Cromer*, 390 F.3d at 819. The proposed restriction here is narrowly tailored because it (1) is limited to a single case in which Mr. Cofield has no legitimate interest and (2) still permits Mr.

5

Cofield to file if represented by an attorney.[1] *See Miller v. Kelley*, No. 7:10-CV-00546, 2012 WL 726569, at *3 (W.D. Va. Mar. 6, 2012) (imposing similar restrictions). The notice and opportunity to be heard requirement can be met by permitting Mr. Cofield to file a response to this motion. In the interim period, Plaintiff requests that any further filings by Mr. Cofield other than a response to this motion be stricken.

Accordingly, in addition to striking Mr. Cofield's filings, Plaintiff requests that the Court, following notice and opportunity for Mr. Cofield to be heard, enter an injunction enjoining Mr. Cofield from making further filings in this case unless filed through counsel and that the Clerk of Court be directed to not docket any documents from Mr. Cofield purporting to be filings in this case, unless filed through counsel. Should the Court not strike Mr. Cofield's filings, his motion to intervene should be denied.

* * *

For the foregoing reasons, the Court should grant Plaintiff's motion. In the alternative, Plaintiff respectfully requests that the Court deny Mr. Cofield's motion for intervention.

DATED: February 28, 2022

/s/ Kim Parker
Kim Parker, Esquire
Federal Bar No.: 23894
**LAW OFFICES OF KIM PARKER, P.A.**
2123 Maryland Ave.
Baltimore, MD 21218
Telephone: 410-234-2621
Fax: 443-486-1691
kp@kimparkerlaw.com

---

[1] Plaintiff expresses no view about whether a broader restriction might still be narrowly tailored in order to protect members of the public from Mr. Cofield's conduct.

Christopher A. Seeger (*admitted pro hac vice*)
Jeffrey S. Grand (*admitted pro hac vice*)
Christopher L. Ayers *(admitted pro hac vice)*
Nigel P. Halliday *(admitted pro hac vice)*
Yasmine G. Meyer (*admitted pro hac vice*)
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone: 212-584-0700
Fax: 212-584-0799
cseeger@seegerweiss.com
jgrand@seegerweiss.com
cayers@seegerweiss.com
nhalliday@seegerweiss.com
ymeyer@seegerweiss.com

Ben Crump *(admitted pro hac vice)*
Christopher O'Neal *(admitted pro hac vice)*
**BEN CRUMP LAW, PLLC**
717 D Street, N.W. Suite 310
Washington D.C. 20004
Telephone: 860.922.3030
ben@bencrump.com
chris@bencrump.com

ATTORNEYS FOR RON L. LACKS, PERSONAL REPRESENTATIVE OF THE ESTATE OF HENRIETTA LACKS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 28th day of February 2022, a copy of the Plaintiff's Response to Kennan Cofield's Filings has been served via first class mail, postage prepaid, to:

Dr. Keenan Cofield
1236 Kendrick Road
Rosedale, MD 21237

*And* counsel of record via the court's ecf filing system.

                                                      /s/ Kim Parker
                                                    _____
                                                    Kim Parker, Esquire
                                                    Counsel for Plaintiff