IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| Estate of Henrietta Lacks, | * |
|    Plaintiff, | * |
| v. | *   Civ. No. DLB-21-02524 |
| Thermo Fisher Scientific, Inc. | * |
|    Defendant. | * |
| | * |

**MEMORANDUM OF *AMICI CURIAE* IN SUPPORT OF
PLAINTIFF THE ESTATE OF HENRIETTA LACKS**

COMES NOW Amici Curiae ("Amici") Doug Rendleman and Caprice Roberts, through Silverman Thompson Slutkin & White, LLC, in support of Plaintiff, who state as follows:

**INTRODUCTION**

This brief addresses the law of unjust enrichment and its relationship to restitution remedies. It refutes defendant's contention that plaintiff has failed to state a valid cause of action for restitution relief. Defendant incorrectly insists that plaintiff must plead a tort to seek restitution remedies as well as defendant's lack of bona fide purchaser status to prevail. Both arguments belie the basic tenets of unjust enrichment law. Simply, plaintiff may seek restitution remedies based solely on defendant's unjust enrichment as a cause of action. Neither a separate tort nor an allegation of the lack of bona fide purchaser status is required. This brief supports plaintiff's ability to survive these challenges.

The underlying theory for an unjust enrichment claim is simple: "A person who is unjustly enriched at the expense of another is subject to liability in restitution." Restatement (Third) of Restitution and Unjust Enrichment § 1 (Am. Law. Inst. 2011). A quintessential example of

restitution is to seek disgorgement for improper gains. Plaintiff alleges that defendant has benefitted unjustly by profiting from the HeLa cell line at Ms. Lacks's expense. Accordingly, plaintiff asks that defendant disgorge its wrongful profits. That is entirely proper.

Plaintiff's complaint applies the law of restitution in a new area, for the underlying alleged facts are unique. The unjustness of defendant's behavior begins with the failure to obtain Ms. Lacks's consent, and it ends with defendant's failure to compensate Ms. Lacks's estate despite amassing enormous profits from her unique, immortal cell line. Restitution remedies are designed to capture novel forms of misconduct. *See* Bogert, Law of Trusts & Trustees § 471, at 29 (rev. 2d ed. 1978) ("The court does not restrict itself by describing all the specific forms of inequitable holding which will move it to grant relief, but rather reserves freedom to apply this remedy to whatever knavery human ingenuity can invent").

For hundreds of years, the common law, including the law of restitution, has evolved to apply to unique fact patterns and fashion appropriate relief. These common law developments are essential as times change, scientific discovery advances, and knowledge of wrongdoing comes to light. Restitution law requires common law advancements to serve the overarching purpose of ensuring wrongdoers cannot retain unjust enrichments. Plaintiff seeks to apply the Restatement (Third) of Restitution and Unjust Enrichment through sections 43–44 and section 51, which authorize disgorgement of profits for conscious wrongdoing. Section 51 defines conscious wrongdoing as "a defendant who is enriched by misconduct and who acts (a) with knowledge of the underlying wrong to the claimant, or (b) despite a known risk that the conduct in question violates the rights of the claimant." Restatement (Third) of Restitution and Unjust Enrichment § 51(3) (Am. Law. Inst. 2011).

Amici agree that the law of restitution and the relevant Restatement provisions should aid

this plaintiff. The lack of identical precedent should not block the ability of restitution law to provide disgorgement relief for the type of wrongdoing alleged. Indeed, amici have argued for such developments of restitution principles in the area of the Emoluments Clauses in the United States Constitution, Caprice L. Roberts, *Disgorging Emoluments*, 103 Marquette L.Rev.1 (2019). And that is all that is happening here—plaintiff seeks to use restitution and its remedies to serve the very purposes underlying this vast body of law. If the Court finds, as plaintiff has urged, that plaintiff has plausibly pleaded its claim, it should not dismiss simply because there is no case directly on point. Rather, the Court should follow the law of restitution and the Restatement's guiding principles to help further develop compelling applications of unjust enrichment law such as this case.

I.  **Defendant argues that a restitution plaintiff must allege a tort. This is incorrect.**

A law student may start her study of restitution with the following classroom hypothetical. First Bank's computer erroneously deposits $24,000 in Sarah's account. Did First Bank intend to make a gift to Sarah? No. Has Sarah committed a tort? No. Has Sarah breached a contract? No. Has Sarah violated First Bank's property or other right? No. Must Sarah return the $24,000? Yes. Is this because restitution based on the defendant's unjust enrichment is a freestanding cause of action that doesn't depend on any other violation of the law? Yes. Doug Rendleman & Caprice Roberts, Remedies: Cases and Materials 517 (9th ed. 2018).

Restitution is a body of substantive law based on defendant's unjust enrichment; it is separate from the law of tort, contract, property, or other bodies of substantive law. It is governed by the Restatement (Third) of Restitution and Unjust Enrichment (Am. Law. Inst. 2011).

For one example of restitution as a separate body of substantive law based solely on defendant's unjust enrichment, we may look to a situation where a tenant erroneously overpays

rent for several years. In *Baltimore & A. R. Co. v. Carolina Coach Co.*, 206 Md. 237 (1955), the Court of Appeals approved assumpsit for restitution of rent overpayment based on mistake of fact without any tort or breach of contract.[1] Mistaken cash payments are also generally recoverable as restitution. Dan B. Dobbs & Caprice L. Roberts, Law of Remedies: Damages—Equity—Restitution §4.8, at 485 (West 3d ed. 2018).

The foregoing straightforward example notwithstanding, confusion may occur because restitution remedies can apply to various underlying causes of action, and a variety of restitution remedies exist. For example, the restitution remedy of constructive trust can flow from a breach of fiduciary duty; or the restitution remedy of disgorgement exists for trademark infringement. This piggybacking form of restitution remedies onto other substantive doctrines, including certain torts, may cause the misconception that a plaintiff seeking restitution remedies must allege a tort. This conclusion is wrong. Here, plaintiff demands disgorgement of profits—a restitution remedy—for the claim of unjust enrichment. This combination is not novel and is proper.

Most restitution causes of action are based on defendant's unjust enrichment without any other violation of the law. The principal example is mistake. "A transfer induced by invalidating mistake is subject to rescission and restitution." Restatement (Third) of Restitution and Unjust Enrichment § 5(1) (Am. Law. Inst. 2011). The purpose is to avoid the defendant's unjust

---

[1] Any distinction between mistake of law and fact should be irrelevant in modern law. "The old distinction between mistake of fact and mistake of law is repudiated because it has always been theoretically unsound; because the two types of mistake are frequently impossible to distinguish as a practical matter; and because the distinction, even when it is possible, has no relevance to the real analysis by which restitution is either granted or withheld." Restatement (Third) of Restitution and Unjust Enrichment § 5(2) Comment & Reporter's Note g (Am. Law. Inst. 2011).

enrichment due to the mistake. This recovery does not require any other claim of substantive breach than unjust enrichment.

Nor does quantum meruit to recover the value of a plaintiff's services involve any tort. Restatement (Third) of Restitution and Unjust Enrichment § 31 Comment e (Am. Law. Inst. 2011): "In modern practice, a claim styled 'quantum meruit' typically seeks compensation for services rendered in the expectation of payment, but in the absence of explicit agreement as to amount." *See also Campbell v. TVA*, 421 F.2d 293 (5th Cir. 1969). This example is a classic legal restitution claim.

Restitution does exist for a defendant's tort; it is called restitution for wrongs. Restatement (Third) of Restitution and Unjust Enrichment Chapter 5 Restitution for Wrongs (Topic 1, Benefits Acquired by Tort or Other Breach of Duty) §§ 40–44. (Am. Law. Inst. 2011). This possible path towards a remedy does not exclude the alternatively viable path of a freestanding unjust enrichment claim for restitution remedies. Here, plaintiff proceeds purely on a freestanding unjust enrichment claim for restitution relief.

In any event, plaintiff alleges that violation of fiduciary duty lies at the beginning of defendant's possession and use of the HeLa cell line. Breach of fiduciary duty is a tort. Restatement (Third) of Torts: Liab. for Econ. Harm § 16 (2020); Restatement (Second) of Torts § 874 (1979). Comment b. "A fiduciary who commits a breach of his duty as a fiduciary is guilty of tortious conduct to the person for whom he should act;" *see also Plank v. Cherneski*, 469 Md. 548 (2020) (holding that a breach of fiduciary duty is actionable as an independent cause of action). Further, an un-consented operation like the operation on Henrietta Lacks alleged as the origin of the defendant's unjust enrichment is the tort of battery. Restatement Torts (Second) § 13 (Am. Law.

5

Inst. 1979). The facts as alleged include these torts, but the sole count of unjust enrichment does not require that plaintiff additionally pursue a tort cause of action.

## II. Defendant argues that plaintiff must allege defendant's lack of bona fide purchaser status to state a restitution cause of action. This is incorrect.

The short answer to defendant's argument that a restitution plaintiff must allege defendant's lack of bona fide purchaser status is that bona fide purchase is an affirmative defense. Restatement (Third) of Restitution and Unjust Enrichment Chapter 8, Defenses to Restitution, § 66 (Am. Law. Inst. 2011). Bona fide Purchaser, Comment a. "Section 66 presents the familiar rule of purchase for value without notice (or 'bona fide purchase') as an affirmative defense to a liability in restitution." *Id.*

The burden to interpose and maintain an affirmative defense is on the defendant.[2] A plaintiff need not allege that the conditions of an affirmative defense do not exist. Federal Rule of Civil Procedure 8. A plaintiff's federal complaint should not anticipate an affirmative defense. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908) (ruling that plaintiff's anticipation of defendant's defense cannot establish federal question jurisdiction).

Bona fide purchaser is often a defense to tracing in equitable restitution, constructive trust, equitable lien, and perhaps accounting. Restatement (Third) of Restitution and Unjust Enrichment, § 66, Illustration 1. (Am. Law. Inst. 2011). Plaintiff alleges legal restitution and accounting-disgorgement. Restatement (Third) of Restitution and Unjust Enrichment § 51 (Am. Law. Inst.

---

[2] The Authors understand that, in *Plitt v. Greenberg*, 242 Md. 359, 365 (1966), the Court of Appeals stated that the plaintiff held the burden of persuasion at the earlier trial on the defendant's status as a bona fide purchaser for value. As explained in the accompanying motion, this brief is based on the modern national law of restitution as stated in the Restatement (Third) of Restitution and Unjust Enrichment. The better view, that of the majority of courts and the Restatement (Third) of Restitution and Unjust Enrichment, is that bona fide purchase is an affirmative defense, not an element of a plaintiff's cause of action for restitution based on the defendant's unjust enrichment.

6

2011). Tracing is not involved in the plaintiff's allegations. The defendant's enrichment, if proved, comes from third persons, not from the plaintiff. Plaintiff's allegations, if proved, will end in a money judgment for disgorgement of wrongful profits.

### III. Plaintiff's Unjust Enrichment Claim is Sufficient as Pleaded.

A plaintiff's complaint for restitution is straightforward. In the words of Section 1 of the Restatement: "A person who is unjustly enriched at the expense of another is subject to liability in restitution." The elements of the plaintiff's cause of action are 1) unjustness, 2) enrichment, and 3) enrichment "at the expense of" plaintiff, which can mean "in violation of the other's legally protected rights." Restatement (Third) of Restitution and Unjust Enrichment § 1 & Comment a. (Am. Law. Inst. 2011).

Under federal plausibility pleading, a plaintiff's complaint must allege sufficient factual material to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Lacks Estate's complaint alleges unjustness in the original wrongful and unconsented excision of tissue from Ms. Lacks, an obvious benefit to the defendant, and a benefit to the defendant that originated "at the expense of" Ms. Lacks. This allegation tracks and articulates the elements of an unjust enrichment claim. The Estate's restitution complaint need not allege a tort or the absence of bona fide purchaser status. The complaint's core allegations—that defendant has amassed millions as a direct consequence of a battery committed by a doctor against a patient—describe precisely the kind of situation the law of unjust enrichment is designed to remedy. Nothing more is necessary, at this stage, to advance an unjust enrichment claim for disgorgement.

7

## **CONCLUSION**

Plaintiff has alleged sufficient facts to survive a motion to dismiss on its claim for unjust enrichment.

Dated: February 18, 2022          Respectfully submitted,

                                                 /s/ Andrew C. White
                                  Andrew C. White (Bar No. 08821)
                                  awhite@silvermanthompson.com
                                  Silverman Thompson Slutkin & White, LLC
                                  201 N. Charles St., Suite 2600
                                  Baltimore, MD 21201
                                  Tel.:    (410) 385-2225
                                  Fax:    (410) 547-2432